UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62225-RUIZ/STRAUSS

**TERRI D. COLE**, *Personal Representative*
*of the Estate of* **WINFRED L. CROSBY,**

     Plaintiff,
v.

**RAYTHEON TECHNOLOGIES CORPORATION,** *et al.*,

     Defendants.
_____/

## DISCOVERY ORDER

**THIS CAUSE** came before the Court upon Plaintiff's *ore tenus* Motion to Withdraw and Amend its Admissions to Defendant's, RTX Corporation ("RTX"), First Request for Admissions [DE 165] ("Motion"). After I issued an order on the Motion [DE 168], RTX filed an objection. [DE 199]. The District Court sustained the objection and re-referred the matter back to me to clarify the application of the two-part test required by Federal Rule of Civil Procedure 36(b). [DE 210]. For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

On December 21, 2023, the Court held an over six-hour-long discovery hearing to address a plethora of discovery disputes between the parties. [DE 161]. One such dispute involved Plaintiff's untimely response to RTX's First Request for Admissions (FRFA). RTX served its FRFA (along with its first requests for production and interrogatories, collectively "First Set") on October 20, 2023, making Plaintiff's response due on November 20, 2023. However, Plaintiff alleged there was confusion as to whether a response to the FRFA was necessary. On November 10, 2023, less than three weeks after serving its First Set and before responses to the First Set were

1

due, RTX served a Second Set of Interrogatories, Second Request for Production, and Second Request for Admissions ("Second Set"), followed later that day by an Amended Second Set of Interrogatories, Second Request for Production and Second Request for Admissions ("Amended Second Set"). *See* [DE 151]. Apparently, RTX then sent a follow up email notifying Plaintiff that "[t]he operative discovery, which remains in effect, are the Amended Second Set of Interrogatories, Second Request for Production and Second Request for Admissions propounded to Plaintiff at 6:40PM ET on November 10, 2023." *Id.* Plaintiff argued that she interpreted this statement to mean that the First Set was no longer operative and that she only needed to respond to the Amended Second Set.

This confusion led Plaintiff to not respond to RTX's First Request for Admissions until December 11, 2023, twenty-one days after the original deadline.[1] *Id.* Consequently, when RTX sought to resolve disputes over Plaintiff's responses to the First Requests for Production and First Set of Interrogatories, RTX took the position that all of the FRFA must be deemed admitted, with all objections having no effect, under Federal Rule of Civil Procedure 36(a)(3). At the hearing, Plaintiff made the instant *ore tenus* motion, arguing that the untimely response was an honest mistake due to the confusion over what discovery requests were operative and that, to the extent she was deemed to have admitted the FRFA by default, the Court should allow her to withdraw and amend those admissions (under Rule 36(b)) by substituting her late-served responses from December 11, 2023. The Court then provided RTX an opportunity to address the two prongs of Federal Rule of Civil Procedure 36(b) and explain why the withdrawal and amendment would not promote the presentation of the merits of the action and how the withdrawal and amendment would

---

[1] Although the original deadline to respond to RTX's First Request for Production was November 20, 2023, the parties agreed to extend the deadline until November 28, 2023, thereby making Plaintiff's response only thirteen days late. *See* [DE 151] at 7.

2

prejudice RTX. After hearing RTX's response, the Court orally granted Plaintiff's Motion, which the Court later memorialized in a written order. *See* [DE 168].

RTX filed an objection to my order with the District Court.[2] Within that objection, RTX stated that "the Magistrate [Judge] did not discuss the two-part test of Rule 36(b) in the Discovery Order[,] [and] [h]ad it done so, it would have determined that Plaintiff cannot overcome the two-part analysis because RTX is prejudiced in its ability to utilize its request for admissions to determine what is admitted for trial."[3] [DE 105] at 12. The District Court sustained RTX's objection "in an abundance of caution" because "it is unclear whether the two-part test provided by Rule 36(b) was applied in granting Plaintiff's Motion." [DE 210] at 4.

## **ANALYSIS**

Plaintiff has successfully demonstrated that permitting the withdrawal and amendment of Plaintiff's response to RTX's FRFA would promote the presentation of the merits of the action

---

[2] RTX made several objections to this Court's order, but the District Court overruled all of them save the one at issue. [DE 210].

[3] Notably, RTX did not file a copy of the transcript of the December 21, 2023, hearing with its objection. In its objection, RTX stated that "the Magistrate [Judge] did not apply the two-part test of Rule 36(b)" [DE 105] at 11. It then stated that "the Magistrate [Judge] did not discuss the two-part test of Rule 36(b) in the Discovery Order[,] [and] [h]ad it done so, it would have determined that Plaintiff cannot overcome the two-part analysis because RTX is prejudiced in its ability to utilize its request for admissions to determine what is admitted for trial." *Id*. at 12. However, the Discovery Order detailed that the Court was granting Plaintiff's Motion "[f]or the reasons stated on the record at the hearing." [DE 168]. During the hearing on Plaintiff's Motion, specifically beginning thirty-two minutes into the hearing, the Court directly addressed Federal Rule of Civil Procedure 36(b)'s two-part test with the parties. The Court specifically identified the two prongs of the test. RTX was given ample opportunity during the hearing to respond to the Court's questions regarding the two-part test, which it did. Thereafter the Court made its ruling, specifically addressing the two-part test. RTX was, of course, well within its rights to disagree with, and object to, that ruling. However, it was disingenuous to assert that "the Magistrate [Judge] did not apply the two-part test of Rule 36(b)" and that "the Magistrate [Judge] not discuss the two-part test of Rule 36(b) in the Discovery Order" that explicitly incorporated the ruling and analysis stated on the record.

and not prejudice RTX's ability in defending the action on the merits. Consequently, the Court grants Plaintiff's Motion.

Federal Rule of Civil Procedure 36(a)(3) states, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). However, Federal Rule of Civil Procedure 36(b) states:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

In deciding whether to permit a withdrawal of admissions, the Eleventh Circuit has held "that district courts should apply a 'two-part test' in deciding whether to grant or deny a motion to withdraw or amend admissions." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002). The court should first consider "whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.*

Considering the two-part test described under Federal Rule of Civil Procedure 36(b), the Motion should be granted. First, allowing Plaintiff to contest the assertions in RTX's FRFA would undoubtedly promote presentation of the merits and certainly be a better course than having certain matters deemed admitted by default. Several of the requests to which Plaintiff objected go to the heart of important, substantive issues in the case that will likely be the subject of contested expert testimony, such as the extent to which asbestos from products attributable to non-defendant entities contributed to the decedent's alleged injuries. *See* [DE 151–5] at ¶¶ 3–4, 7, 16. Resolving those

4

issues based on an admission by default is antithetical to resolving the case on its merits and allowing Plaintiff to withdraw the admission by default therefore promotes presentation of the merits.  Indeed, when given the opportunity to address both prongs of Rule 36(b) at the hearing, after the Court observed that the first prong seemed clearly satisfied, RTX did not address this prong; nor did RTX substantively address the first prong in its objection to the discovery order.  Therefore, the Court finds, as stated at the hearing, that allowing withdrawal and amendment of the admissions by default would promote the presentation of the merits.

Second, allowing Plaintiff to withdraw and amend the answers to RTX's FRFA does not prejudice RTX.  "Prejudice" in this context mainly means that a party has detrimentally relied on an admission in preparation for trial.  *See* Fed. R. Civ. P. 36(b) advisory committee's note to 1970 amendment ("This provision [on withdrawal or amendment of an admission] emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that **<u>justified reliance on an admission in preparation for trial</u>** will not operate to his prejudice." (emphasis added)).  RTX did not articulate – either at the hearing when given the opportunity to do so or in its objections – how it has prejudicially relied on the default admissions.  Had Plaintiff provided RTX with the responses on November 28, 2023, RTX, at best, would have had answers (or known that it at least lacked admissions) to their requests with two weeks until the close of discovery.  At the hearing RTX vaguely suggested that it might have been able to address answers to the FRFAs at ongoing depositions, RTX did not squarely answer when pressed on whether they forwent addressing any issues during those depositions based on the assumption that matters had been deemed admitted.  Rather, RTX's argument for prejudice primarily rests on its inability to seek Court intervention regarding Plaintiff's objections to certain FRFAs given that Plaintiff's objections were not lodged until the end of the discovery period.  Consequently, RTX is

theoretically deprived of knowing whether these matters are in dispute as it prepares for trial or the ability to use the denial or admission at trial (assuming Plaintiff's objections would have been overruled). To the extent the persistence of Plaintiff's unresolved objections constitutes prejudice, the Court can ameliorate that prejudice by affording a process to address them as described below. Thus, the Court is "not persuaded that [permitting the default admissions to be withdrawn and amended] would prejudice the requesting party in . . . defending the action on the merits." Fed. R. Civ. P. 36(b).

## CONCLUSION

After considering the two-part test articulated in Federal Rule of Civil Procedure 36(b), the Court finds that permitting Plaintiff's withdrawal and amendment would promote the presentation of the merits of the action and not prejudice RTX in defending the action on the merits. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion [DE 165] is **GRANTED**.

2. As to those portions of the FRFA to which Plaintiff lodged an objection, the parties shall meet and confer by **January 17, 2024**, to discuss the objections and attempt to resolve them. If the parties are unable to resolve the remaining objections through conferral, RTX may file a written discovery motion, **of no more than five pages**, addressing the disputes by **January 19, 2024**. Plaintiff shall file a response, again of no more than five pages, to any such motion by **January 26, 2024**. No reply may be filed unless otherwise ordered by the Court.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of January 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge