UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62225-RUIZ/STRAUSS

TERRI D. COLE, *Personal Representative*
*of the Estate of* WINFRED L. CROSBY,

      Plaintiff,

v.

RAYTHEON TECHNOLOGIES CORPORATION, *et al.*,

      Defendants.

                                    /

## DISCOVERY ORDER

**THIS CAUSE** came before the Court upon Defendant RTX Corporation's Motion to Determine Sufficiency of Plaintiff's Objections to Defendant RTX Corporation's Request for Admissions ("Motion"). [DE 222]. I have reviewed the Motion, the Response [DE 235] and Reply [244] thereto, and all pertinent portions of the record. For the following reasons, the Motion is **GRANTED-IN-PART and DENIED-IN-PART**.

## BACKGROUND

Defendant RTX Corporation ("RTX") served its First Request for Admissions on Plaintiff seeking admissions or denials pertaining to various topics, including Plaintiff's exposure to asbestos and applications to 524(g) asbestos bankruptcy trusts. After initially failing to respond to the Request for Admissions due to confusion between the parties[1], Plaintiff responded to RTX's request with admissions, denials, and several objections. RTX now seeks an order overruling Plaintiff's objections and compelling Plaintiff to either admit or deny the requests to which Plaintiff objected.

---

[1] I explained the exact circumstance leading to this confusion in my previous order. [DE 214].

## ANALYSIS

Federal Rule of Civil Procedure 36(a) permits a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  If a party does not admit a matter, then the party "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

### A.  Requests Related to Exposure (Nos. 3, 4, 7, and 16)

Plaintiff adequately objected to request numbers 3, 4, 7, 16.  For these requests, RTX seeks to have Plaintiff admit or deny that decedent's exposure to certain products, either manufactured or placed into the stream of commerce by entities not named in the lawsuit, were a "substantial contributing cause" of his asbestos related injuries and subsequent death.  Plaintiff objected to all four requests on several different grounds: (1) that the request was "an incomplete hypothetical;" (2) that the term "substantial contributing factor" was compound, vague, and ambiguous, conflating "medical causation" with "what is a legal/factual substantial contributing factor;" (3) that the request "presents a genuine issue for trial and presents an ultimate issue that can only be decided by the jury based on the evidence presented at trial;" and (4) that the request "calls for expert conclusions and responsive information that may be found in the reports and depositions of Plaintiff's expert witnesses."  [DE 222–2].  Plaintiff's second and third objections are sustained, and, consequently, RTX's motion is denied as to requests 3, 4, 7, and 16.

While Plaintiff's third objection is not completely meritorious, it is correct insofar as it objects that the requests at issue call for a legal conclusion.  Although Rule 36 allows a request for admission of "facts, the application of law to fact, or opinions about either," it does not permit a

party to seek an admission as to a pure conclusion of law.  *Perez v. Aircom Mgmt. Corp.*, No. 12-60322-CIV, 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).  "Admittedly, 'the distinction between a request that permissibly seeks the admission of an issue requiring the application of the law to the facts of a case and a request that impermissibly seeks the admission of a pure issue of law is not easy to draw.'"  *Id*. (quoting *David v. Katz*, No. CIV.A.94-3989, 2000 WL 1682999, at *2 (E.D. La. Sept. 26, 2000)).  However, the term "substantial contributing cause" is a quintessential legal conclusion.  *See Jay v. Royal Caribbean Cruises Ltd.*, 608 F. Supp. 3d 1249, 1261 (S.D. Fla. 2022); *see also Flickinger v. Toys R Us-Delaware, Inc.*, 492 F. App'x 217, 224 (3d Cir. 2012) (holding the phrases "exclusive control," "dangerous condition," "substantial cause," and "negligence" are legal terms of art).

RTX is correct that Plaintiff may not avoid answering "solely on the ground that the request presents a genuine issue for trial."  *See* Fed. R. Civ. P. 36(a)(5).  However, Plaintiff's objection is not solely based on the request admission regarding a genuine (or even "central") factual issue.  Rather, Plaintiff's objection encompasses that the request seeks admission of "an ultimate issue that can only be decided by the jury based on the evidence presented at trial" – in other words, a legal conclusion.  As stated earlier, RTX uses the phrase "substantial contributing cause" in all five of its requests.  Because requesting a party to admit or deny whether something was a "substantial contributing cause" is, in essence, asking for a legal conclusion, Plaintiff was within his right to object to such a request.  *See Jay*, 608 F. Supp. 3d at 1261.

Plaintiff also objected to the requests insofar as the phrase "substantial contributing factor" is vague and ambiguous in this context.   RTX seeks to overrule this objection as a "general" or "boilerplate" objection.  [DE 222] at 2, 4 (citing the Court's Discovery Procedures Order [DE 41]). Had Plaintiff merely objected that the request was "vague and ambiguous," RTX would be correct.

But Plaintiff's objection did not stop there.  Instead, Plaintiff specified what phrase was vague and ambiguous and sufficiently explained why it was ambiguous, pointing to a difference between medical causation and legal causation.  RTX's motion does not address why this (at least potential) distinction does not render the challenged phrase ambiguous.  Therefore, Plaintiff's objections are sustained on this ground as well.  *See Cutino v. Untch*, 303 F.R.D. 413, 415–16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements.") (quoting *Fulhorst v. United Techs. Auto., Inc.*, No. CIV. A. 96-577-JJF, 1997 WL 873548, at *1 (D. Del. Nov. 17, 1997)).

### B.  Requests Related to Asbestos Bankruptcy Trusts (Nos. 9–15)

Plaintiff adequately objected to request numbers 9–15.  For these requests, RTX seeks to have Plaintiff admit or deny certain matters pertaining to Plaintiff possibly submitting applications to 524(g) asbestos bankruptcy trusts.  Plaintiff objects to the requests on the grounds that the requests are too vague and ambiguous and impinges upon the attorney-client privilege.

"[A] party is not required to respond to a request that contains vague or ambiguous statements."  *Cutino*, 303 F.R.D. at 415–16 (quoting *Fulhorst*, 1997 WL 873548, at *1).  In this instance, Plaintiff does not make boilerplate objections but instead articulates what words or phrases Plaintiff views as being vague and ambiguous.  In request number 9, Plaintiff objects to the phrase "could have been" within RTX's request that Plaintiff admit "that claims could have been submitted by or on behalf of decedent, Winfred L. Crosby, to 524(g) asbestos bankruptcy trusts."  The phrase "could have been" has several different meanings within this context.  RTX might be implying that Plaintiff had a meritorious claim it could have submitted, that Plaintiff was physically able to submit a claim, or that within some unspecified timeframe, Plaintiff could have

submitted a claim.  Therefore, Plaintiff adequately objected to RTX's request number nine on the grounds that the request was vague and ambiguous.

For request numbers 10–15, Plaintiff contends that RTX continues to use vague and ambiguous language within its requests.  RTX requests that Plaintiff admit that Plaintiff (or his estate, or an agent of the estate) has "sufficient evidence" to submit claims to asbestos bankruptcy trusts or again uses the phrases that claims "could be" and "will be" submitted.  Again, within its objection, Plaintiff specifically listed, and plausibly argued, what phrases it believed to be vague and ambiguous, and, as a result, they are not impermissible boilerplate objections.  Moreover, for at least requests 10 and 12, Plaintiff objected to RTX's request for an admission that Plaintiff has "sufficient evidence" as calling for a legal opinion.  RTX does not address this objection in its motion, and, again, a request for admission cannot seek an admission as to a legal conclusion.

Lastly, RTX's Motion does not address Plaintiff's assertion that its requests impinge upon Plaintiff's attorney-client privilege or call for protected attorney work product.  "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."  *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998).  Because Plaintiff adequately objected to RTX's requests and RTX did not address Plaintiff's attorney-client privilege objection, Plaintiff's objections to request numbers 9–15 are sustained.

### C.  Requests Relating to Treating Physicians and Diseases (Nos. 25–26 and 28)

Plaintiff improperly objected to, while simultaneously answering, RTX's request numbers 25–26 and 28.  "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  "Objecting but answering subject to the objection is not one of the allowed choices."  *Spadaro v. City of*

*Miramar*, No. 11-61607-CIV, 2012 WL 12862641, at *4 (S.D. Fla. Apr. 25, 2012) (quoting *Mann v. Island Resorts Dev., Inc.*, No. 3:08CV297/RS/EMT, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009)).  In fact, these types of responses "preserve[] nothing and serve[] only to waste the time and resources of both the [p]arties and the Court."  *Consumer Elecs. Ass'n v. Compras & Buys Mag., Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008).

In this case, Plaintiff prefaced its responses to request numbers 25–26 and 28 with an objection (i.e., overbroad and compound, seeking mental impressions of treating physicians, or unintelligible as written) with a subsequent answer stating it was either "unable to admit or deny" or "denied."  Because Rule 36 does not permit these types of responses, Plaintiff's objections are overruled.

## CONCLUSION

For the foregoing reasons, it is ordered and adjudged that the Motion is **GRANTED-IN-PART and DENIED-IN-PART**.

a. Plaintiff's objections to request numbers 3, 4, 7, and 9–16 are sustained.

b. Plaintiff's objections to request numbers 25–26 and 28 are overruled.  Plaintiff shall, in accordance with Rule 36(a)(4), amend its responses and provide those amended responses to RTX within ten days of this order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of February 2024.

Jared M. Strauss
United States Magistrate Judge